# Elmer J. Walbridge by his guardian ad litem William H. Walbridge *v.* Schuylkill Electric Railway Company, Appellant.

*Negligence—Street railways—Infant—Question for jury.*

In an action by a boy six years old against a street railway company to recover damages for personal injuries, the evidence showed that immediately before the accident the plaintiff was playing, about forty feet from the curb line of the street, with a number of other children on a vacant lot abutting on the north side of the street upon which defendant's electric railway was operated. This lot was a usual playground for children, and was known to be so by the motorman of the car by which plaintiff was struck. Plaintiff suddenly ran out from the group of other children, without stopping, to and upon the street, and came in contact with the car as soon as he reached the railway track. The distance from the curb to the track was about five feet. The car approached the place of the accident on a descending grade. The motorman testified that he was running his car by gravity, at the rate of about five or six miles per hour, and that he could stop his car by means of the brake inside of fifteen or twenty feet, but if he had been using the electric current he could have reversed and stopped in half of that distance. Three witnesses testified that the car was run at a high rate of speed. *Held*, that the case was for the jury.

Argued Feb. 14, 1899. Appeal, No. 323, Jan. T., 1898, by defendant, from judgment of C. P. Schuylkill Co., May T., 1896, No. 71, on verdict for plaintiff. · Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before ENDLICH, J., of the 23d judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Guy E. Farquhar* and *R. H. Koch*, for appellants, cited Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 304; Hestonville, etc., Ry. Co. v. Connell, 88 Pa. 520; Chilton v.

Central Traction Co., 152 Pa. 425; Funk v. Electric Traction Co., 175 Pa. 559; Kline v. Electric Traction Co., 181 Pa. 276; Pletcher v. Scranton Traction Co., 185 Pa. 147.

*F. G. Farquhar* and *George M. Roads*, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 13, 1899:

The only specification of error in this case is the refusal of the court to affirm defendant's point that, "under all the evidence, the verdict of the jury must be for the defendant."

Our consideration of the testimony has led us to the conclusion that the case could not have been thus withdrawn from the jury. There was sufficient evidence to carry the case to them on the question of defendant company's negligence, and that was the only question of fact in the case, aside from the amount of damages that should be awarded in case it was determined that the injury was the result of defendant's negligence. The question of contributory negligence was not in the case, because the plaintiff was only six years of age at the time he was injured.

It was shown that, in the forenoon of the day on which the accident occurred, he was playing with a number of other children on a vacant lot abutting on the north side of the street upon which defendant's electric railway was operated. This abutting lot was a usual play ground for children, and was known to be so by the motorman of the car by which plaintiff was struck. Immediately before the accident plaintiff was playing at a point about forty feet from the curb line of the street. He suddenly ran out from a group of other children, and, without stopping, ran to and upon the street and came in contact with the car as soon as he reached the railway track. The distance from the curb to the track was about five feet. The car approached the place of the accident on a descending grade. The motorman testified that he was running his car by gravity, at the rate of about five or six miles per hour, and that he could stop his car by means of a brake inside of fifteen or twenty feet, but if he had been using the electric current, he could have reversed and stopped in half of that distance.

One of plaintiff's witnesses testified that the car was going at such a rate of speed as to attract his attention before it

reached him.   Another testified that it was going at the rate of ten to twelve miles per hour.   Another, that it "was going at the rate of three or four steps to his one."   The motorman's testimony, that he sounded his gong, was contradicted by four of plaintiff's witnesses.   The evidence tended to show that the boy was struck by the front end of the car.   The motorman himself testified that the child was "just right in front of the car . . . . just got partly over the rail near the pavement."

It might be fairly inferred from the testimony that the car was running at an unusual and excessive rate of speed, that no gong was sounded or other warning given, and that the car could have been stopped in ample time to prevent the accident, if proper precaution had been taken.   Such inferences from proved facts were for the jury, and not for the court, and the case was rightly submitted to them, by the learned judge of the 23d judicial district, who specially presided at the trial, with full and adequate instructions to which no objection is made. In view of the testimony, it would have been grave error for him to have withdrawn the case from the jury by instructing them, as requested, that their verdict "must be for the defendant."

Judgment affirmed.